UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. DOSS,<br>   Plaintiff, | )<br>)<br>) |
| vs. | )   Case No. 21-2214<br>) |
| CHAD KOLITWENZEW, et. al.,<br>   Defendants | )<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, has identified three Defendants including the Jerome Combs Detention Center, Sheriff Michael Downey, and Chief of Corrections Chad Kolitwenzew. Plaintiff maintains he has filed his complaint pursuant to both 42 U.S.C.§1983 asking for damages and a habeas petition pursuant to 28 U.S.C. §2241 asking for his release. When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v Rodriguez,* 411 U.S. 475, 500 (1973). However, when

1

a prisoner is complaining about the actual conditions of his confinement and seeks damages, then a civil rights complaint pursuant to 42 U.S.C. §1983 is the proper remedy.  Plaintiff cannot seek both remedies in the same complaint.

However, Plaintiff's filing is more accurately viewed as a complaint pursuant to §1983.  First, Plaintiff focuses on a variety of specific problems with his living conditions.  Second, Plaintiff asks this Court to grant him bail while his criminal case is pending. (Comp., p. 8).  Plaintiff must address this request in his pending criminal case.  He may not seek pretrial release in this lawsuit.

Plaintiff entered the Jerome Combs Detention Center in October of 2020. He maintains the facility does not provide any social distancing or masks to prevent the spread of COVID-19.  In addition, when an inmate tests positive, the inmate is not quarantined.  There is poor air circulation, limited recreation time, and a limited supply of soap or cleaning supplies.  Furthermore, correctional staff do not wear masks in the facility.

Corrections Chief Kolitwenzew refused to follow the Center for Disease Control and Prevention (CDC) guidelines which ultimately lead to an outbreak of COVID-19.  Plaintiff tested positive on February 26, 2021.  Plaintiff further claims medical staff was negligent when they performed the test.  Staff members did not change gloves in between detainees, and they forced the detainees into one small area.

Finally, Plaintiff says since he tested positive, he has limited sense of taste or smell, and he has occasionally suffered with chest pains.

Giving Plaintiff the benefit of notice pleading, he has adequately alleged Defendants Kolitwenzew violated his Eighth Amendment rights based on his living conditions. Plaintiff has alleged the Defendant was deliberately indifferent to his health and safety during the COVID-19 pandemic.

However, Plaintiff has not clearly articulated a claim Defendant Sheriff Downey. Plaintiff has not mentioned the Sheriff in the body of his complaint. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them).

In addition, to hold an individual liable under Section 1983, Plaintiff must allege the Defendant was "personally responsible for the deprivation" of his rights. *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. *See Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008).

Lastly, the Jerome Combs Detention Center is not a proper Defendant since it is a building and not a person capable of being sued pursuant to 42 U.S.C. §1983. *See White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018).

Plaintiff mentions the negligence of medical staff, but he has not identified any specific Defendant. The Court also notes negligence or even gross negligence does not

state a constitutional violation. *See Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018).  If Plaintiff was instead attempting to claim the state law tort of medical malpractice, he must identify the Defendants and ultimately must comply with the requirements of the Illinois Healing Arts Malpractice statute. *See* 735 ILCS 5/2-622 *et. seq*; *see also Young v. United States*, 942 F.3d 349 (7th Cir. Nov. 4, 2019).

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants Kolitwenzew violated his Eighth Amendment rights based on his living conditions at the Jerome Combs Detention Center from October of 2020 until the filing of his complaint.  The claim is stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from service to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days

of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Jerome Combs Detention Center and Michael Downey for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 19th day of November, 2021.

                        s/ James E. Shadid
                _____
                        JAMES E. SHADID
                 UNITED STATES DISTRICT JUDGE